**HILL, FARRER & BURRILL LLP**
William A. White (Bar No. 121681)
wwhite@hillfarrer.com
One California Plaza
300 S. Grand Avenue, 37th Floor
Los Angeles, California 90071-3147
Telephone: 213.620.0460
Fax: 213.624.4840

**OHASHI & HORN LLP**
Jeff J. Horn, Jr. (*Pro Hac Vice*)
horn@ohashiandhorn.com
Cody A. Kachel (*Pro Hac Vice*)
ckachel@ohashiandhorn.com
325 N. St. Paul Street, Suite 4400
Dallas, Texas 75201
Telephone: 214.743.4170
Fax: 214.743.4179

Attorneys for Plaintiff IWATANI
CORPORATION OF AMERICA

Eric C. Liebeler (No. 149504)
eric.liebeler@stinson.com
Stinson LLP
1775 Pennsylvania Avenue N.W.
Suite 800
Washington, DC  20006-4605
Telephone: (202) 785-9100
Facsimile: (202) 785-9163

Damian D. Capozzola (No. 186412)
ddc@ddclaw.com
Timothy R. Laquer (No. 306917)
trl@ddclaw.com
The Law Offices of Damian D. Capozzola
633 W. Fifth Street, 26th Floor
Los Angeles, CA  90071
Telephone: (213) 533-4112
Facsimile: (213) 996-8304

Attorneys for Defendants
NEL ASA, CAVENDISH HYDROGEN A/S
f/k/a NEL HYDROGEN A/SNEL HYDROGEN INC.,
JON ANDRE LOKKE, STEIN OVE ERDAL,
HAKON VOLLDAL, ROBERT BORIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IWATANI CORPORATION OF AMERICA, a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEL ASA, a Norway corporation, CAVENDISH HYDROGEN A/S f/k/a NEL HYDROGEN A/S, a Denmark corporation, NEL HYDROGEN INC., a California corporation, JON ANDRE LOKKE, an individual, STEIN OVE ERDAL, an individual, HAKON VOLLDAL, an individual, ROBERT BORIN, an individual, and DOES 1-10,<br><br>Defendants. | Case No. 8:24-cv-00192 JVS (KESx)<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>[Proposed Protective Order Filed Concurrently Herewith]<br><br>Discovery Cutoff: December 22, 2025<br><br>Motion Cutoff: August 3, 2026<br><br>Trial Date: October 20, 2026<br><br>Judge:  Hon. James V. Selna |

Plaintiff **IWATANI CORPORATION OF AMERICA**, ("Plaintiff") and Defendants, **NEL ASA, CAVENDISH HYDROGEN A/S (f/k/a NEL HYDROGEN A/S), NEL HYDROGEN INC., JON ANDRÉ LØKKE, STEIN OVE ERDAL, ROBERT BORIN,** and **HÅKON VOLLDAL** (collectively the "Defendants"), hereby stipulate to entry of a Protective Orderi, subject to this Court's approval:

Purposes and Limitations.  Discovery in this action involves the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In particular, the foreign defendants are subject to the data protection laws of their respective countries, which includes the European Union's General Data Protection Regulation (GDPR) and its Norwegian counterpart. These data protection regulations place additional protections on, *inter alia*, personal data of the Defendants' employees and third parties, whose data may be intermingled

with material otherwise discoverable in this action pursuant to the applicable Federal Rules of Civil Procedure.

Accordingly, the Parties ask this Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

<u>Good Cause Statement</u>. This action is likely to involve trade secrets, confidential agreements and/or contracts with third parties, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Additionally, GDPR and other similar data protection laws, rules, and regulations applicable to the foreign Defendants further protect sensitive and/or personal data from disclosure.

Accordingly, to expedite the flow of discovery materials, to adequately protect information the Parties are entitled and/or obligated to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has either been maintained in a confidential non-public manner, or that it applicable privacy and data protection regulations require

1  the data to be kept confidential, and there is good cause why it should not be part of
2  the public record of this case.

3      1.    <u>Proceedings and Information Governed</u>. This Order shall govern any
4  document, information or other thing furnished by any party, including third parties,
5  to any other party in connection with the discovery and pre-trial phase of this action
6  ("Information").  The Order does not govern proceedings during trial nor does it
7  prohibit either party from seeking a Protective Order to govern proceedings during
8  trial.

9      2.    <u>Designation of Information for Protection Under This Order</u>.  Any such
10 Information produced in this action that is reasonably believed by the producing
11 party to be non-public, proprietary or confidential may be designated as
12 "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  The appropriate
13 designation may be made by stamping or otherwise marking the Information prior to
14 production as appropriate.  In the case of written material, documents or tangible
15 items, the appropriate designation shall be made at the time the producing party
16 makes the Information available for inspection or provides a copy of the Information
17 to the receiving party.  In the case of deposition testimony, a party seeking to invoke
18 the protection of this Order shall give notice thereof at the deposition or within
19 fifteen (15) days after receipt of the deposition transcript.  Deposition testimony
20 shall be treated as "Highly Confidential - Attorneys' Eyes Only" until expiration of
21 the fifteen (15) day notice period.

22     In the event such notice is given, the appropriate provisions of paragraphs 12
23 and 13 below shall apply.  In the event that Information is provided under this
24 Order, whether in written, oral or other form, without any designation of
25 confidentiality, such Information may be designated "Confidential" or "Highly
26 Confidential - Attorneys' Eyes Only" at a later time, and shall be treated as
27 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by all parties hereto
28 as though such Information had been designated "Confidential" or "Highly

1  Confidential - Attorneys' Eyes Only" when originally provided, except to the extent
2  that such Information has already been disclosed to persons not subject to this
3  Order.  In the event that the Information referred to immediately above is disclosed
4  to persons not subject to this Order, the party that made such disclosure shall
5  identify such recipients to the other party in this action, unless such disclosure is
6  subject to the attorney client privilege or attorney work product doctrine.

7       3.    <u>Disclosure of Confidential Information</u>. As a general guideline,
8  Information marked "Confidential," as distinguished from "Highly Confidential -
9  Attorneys' Eyes Only," shall include Information that may be disclosed by the
10 parties for the purposes of the litigation, but which must be protected against
11 disclosure to third parties.  Once designated as "Confidential," such designated
12 Information shall, absent a specific order by this Court, be used by the parties solely
13 in connection with this litigation, and not for any business, competitive, or
14 governmental purpose or function, and such Information shall not be disclosed to
15 anyone except as provided herein.  Information marked "Confidential"may be
16 disclosed by the receiving party to the following recipients only:

17       (a)   Outside counsel in this litigation and their respective associates,
18 clerks, legal assistants, stenographic and support personnel, translators, and
19 organizations retained by such attorneys to provide litigation support services in this
20 action and the employees of said organizations;

21       (b)   Retained independent experts and consultants retained in this
22 action by the parties or their outside counsel, and the employees of such experts and
23 consultants who are assisting them;

24       (c)   The officers, directors and employees (present or former) of a
25 party;

26       (d)   The Court and its respective clerks and support personnel;
27       (e)   Court reporters, videographers, and translators employed in
28 connection with this action;

1       (f)    The persons permitted under paragraph 11 below; and

2       (g)    Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

4. <u>Highly Confidential - Attorneys' Eyes Only Information</u>. As a further general guideline, Information designated as "Highly Confidential - Attorneys' Eyes Only" shall be Information of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or non-party holding the proprietary rights thereto, and that must be protected from disclosure. Once designated as "Highly Confidential - Attorneys' Eyes Only," such designated Information shall, absent a specific order by this Court, be used by the parties solely in connection with this litigation, and not for any business or governmental purpose or function, and such Information shall not be disclosed to anyone except as provided herein. All Information designated "Highly Confidential - Attorneys' Eyes Only" is included within the meaning of "Confidential" Information as used in this Order, and all the provisions set forth in the Order that apply to "Confidential" Information also apply to material designated "Highly Confidential - Attorneys' Eyes Only." However, Information designated "Highly Confidential - Attorneys' Eyes Only" shall not be disclosed to persons referred to in subparagraph 3(c) of this Order, except as provided in paragraph 11 (i.e., the authors or addressees of the document). In-house counsel and staff are specifically excluded from access to Information designated "Highly Confidential - Attorneys' Eyes Only."

5. <u>Reference to Information</u>. Notwithstanding any provision in this Stipulation and Protective Order, nothing in this Order shall prohibit or otherwise restrict counsel from referring to in a general way, relying on, or evaluating "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information in the course of advising a party client with respect to this lawsuit, provided, however, that

counsel shall not disclose the specific substance or content of any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information if such disclosure would violate this Order. However, it is expressly understood and agreed that, regardless of any claim that such information is "Confidential" or "Highly Confidential - Attorneys' Eyes Only", a party's counsel may disclose to its clients the damages theories, methodologies, and calculations claimed by the other parties, including the evidentiary support for those damages.

6. <u>Declarations</u>. Each person referred to in paragraph 3 hereof, except persons falling under paragraph 3(a), 3(d), 3(e) and clerical and stenographic personnel falling within paragraph 3(b) above, to whom Information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is to be disclosed in any way, shall execute a declaration, in the form attached as **Exhibit A**, agreeing to be bound by the terms of this Order, and a copy of the declaration shall be maintained by outside counsel for the party making such disclosure. Persons falling under paragraph 3(a) shall read a copy of this Stipulation and Order and sign and date it to signify they have read, understood and agreed to be bound by its terms and provisions.

7. <u>Use</u>. "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall be used by the persons to whom it is disclosed solely in preparation for trial and trial of this lawsuit, and any appellate proceeding related thereto. "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall not be used by such persons for any business, governmental or other purpose, unless agreed to in writing and signed by all parties to this action or as authorized by further order of the Court. No person who receives "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information shall disclose it to any person not entitled under this Order to receive it.

8. <u>Court Procedures</u>.

  (a) When filing pleadings which contain or attach Information

designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only, the party so filing shall comply with C.D. Ca. Rule 79-5 and seek leave of Court to file under seal.

(d) The filing of a document under seal pursuant to this paragraph 8 does not restrict in any way a party's right to disclose or use any part of the document that does not contain, annex or expressly refer to Information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Order.

(e) If, after complying with the foregoing, the Court refuses to file the materials under seal, the Receiving Party may file materials otherwise designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in the public record. Such filing shall be without prejudice to the Designating Party to subsequently filing a Motion to retroactively seal the same.

(f) In addition to the Court procedures in paragraphs 8.a through 8.e, the Parties shall comply with applicable data protection legislation, including without limitation GDPR, for the purpose of, *inter alia*, protecting from public disclosure all personal data received in the context of this action, including the discovery process, to the maximum extent possible. The Parties may process said personal data solely for the specific purpose of establishing, exercising or defending legal claims in the context of this action, including but not limited to the discovery process (the "Purpose"), and shall at all times ensure that said personal data is adequate, relevant and limited to what is necessary in relation to the Purpose. This shall, as an example, include i) redacting all non-material personal data (for example and without limitation, the names, email addresses, or phone numbers of non-party individuals) from materials submitted to the Court or in public, and ii) limiting the personal data that the Parties place or attempt to place into the public record to only personal data whose inclusion is strictly necessary for the Purpose. Additionally, the Parties agree that said personal data shall be processed for no longer than is necessary for the Purpose, after which the Parties shall immediately delete/destroy

the personal data in a secure and irreversible manner. Further, the Parties shall process the personal data in a manner that ensures appropriate security of said personal data, including protection against unauthorized or unlawful processing and against accidental loss, destruction or damage, using appropriate technical and organizational measures, including, but not limited to, by the use of encryption and access management.

9. Limitations on Scope of Protective Order.

(a) The restrictions and obligations of this Order shall not apply to any information that (a) the parties agree or the Court rules should not be designated confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the producing party.

(b) The restrictions and obligations herein shall not be deemed to prohibit discussions of any confidential Information with anyone if that person already has or obtains legitimate possession thereof.

(c) Nothing herein shall be construed to prevent disclosure of confidential Information if such disclosure is required by order of the Court.

(d) Nothing herein is intended to prohibit or restrict in any way a party's or its counsel's use or distribution of its own information.

(e) This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential Information. The existence of this Protective Order shall not be used by any party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

(f) Nothing in this Protective Order shall bar counsel from rendering

advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information or Confidential – Attorneys' Eyes Only, provided that the contents of the information shall not be disclosed except as set forth above.

(g) Nothing herein shall prejudice the right of any party to object to the production of any information on the grounds that such material is protected as privileged or as attorney work product.

(h) Nothing herein is intended to or shall reduce the Parties' obligations under applicable data protection legislation, including without limitation GDPR, to appropriately and adequately protect any and all subject data.

10. <u>Removal</u>.  A party may seek to downgrade or remove a confidentiality designation applied under this Order.  In such event, the following procedure shall be utilized:

(a) The party or person seeking such downgrade or removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the Information as to which such downgrade or removal is sought;

(b) If the parties cannot reach agreement concerning the matter within ten (10) days after delivery (or in the case of mailing, thirteen (13) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the downgrade or removal may file and serve a motion for an order of this Court for appropriate relief.  Any such motion shall comply with Local Rule 79-5 and be set for the earliest possible date on the Court's law and motion calendar.  In any such motion, the party seeking to protect the Information bears the burden to establish the appropriateness of the protection or degree of protection sought.

11. <u>Disclosure to Author or Addressee</u>.  Nothing herein shall prohibit a party, or its counsel, from disclosing Information that has been designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information to

persons who are authors or addressees of such Information.

12. <u>Depositions</u>.  Any deposition reporter who takes down or receives "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information at a deposition shall be given a copy of this Order.  In addition, all deposition testimony and exhibits designated either as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on each page either "Confidential" or "Highly Confidential - Attorneys' Eyes Only."  If counsel, pursuant to the provisions of Paragraph 2 above, designates any deposition testimony "Confidential" or "Highly Confidential - Attorneys' Eyes Only" within the fifteen (15) day period after receiving the deposition transcript, counsel shall specifically identify in writing which portions are to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall send such writing to counsel for all parties involved in the action.  Counsel for each party shall then be responsible for marking, as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only", the appropriate pages of the deposition transcript so identified.

13. <u>Exclusion from Deposition</u>.  Whenever any Information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive Information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

14. <u>Third Party Confidentiality Rights</u>.  In the event that Information in the possession or control of a party involves the confidentiality rights of a non-party or that its disclosure would violate a protective order issued in another action, the party with possession or control of the Information will attempt to obtain the consent of the non-party to disclose the Information under this Order.  If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) The existence of the Information, without producing such Information and; (b) The identity of the non-party.  The party seeking discovery may then make further

1  application to the non-party or seek other means to obtain such Information.

2  Except, that in the event that the confidentiality rights of a non-party to
3  Information in the possession or control of a party arise from applicable data
4  protection legislation, including without limitation GDPR, or similar obligation of
5  the Defendants, then the provisions of paragraph 8.f above shall apply.

6  15. <u>Subpoenas</u>.  In the event any person or party having possession,
7  custody or control of any "Confidential" or "Highly Confidential - Attorneys' Eyes
8  Only" Information receives a subpoena or other process or order to produce such
9  Information, the recipient of the subpoena shall advise the attorney for the party
10 issuing the subpoena that the Information being requested has been designated
11 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to a court
12 order.  The attorney for the party receiving the subpoena shall promptly notify in
13 writing the attorneys of record of the party claiming such confidential treatment of
14 the Information sought by such process and shall promptly furnish those attorneys of
15 record with a copy of the same.

16 16. <u>No Waiver</u>.  Neither the taking of nor the failure to take any action to
17 enforce the provisions of this Order, nor the failure to object to any designation or
18 any such action or omission, shall constitute a waiver of any right to seek and obtain
19 protection or relief, other than as specified herein, of any claim or defense in this
20 action or any other action including, but not limited to, the claim or defense that any
21 Information is or is not proprietary to any party, is or is not entitled to particular
22 protection, or that such Information embodies trade secrets or other confidential
23 material of any party.  The procedures set forth herein shall not affect the rights of
24 the parties to object to discovery on grounds other than those related to trade secrets
25 or other proprietary information claims, nor shall it relieve a party of the necessity
26 of proper response to discovery devices.

27 17. Unauthorized <u>Disclosure</u>.
28     (a) If "Confidential" or "Highly Confidential - Attorneys' Eyes

Only" Information is disclosed to any person other than in the manner authorized by this Protective Order (an "Unauthorized Person"), the party responsible for the unauthorized disclosure, and any party with knowledge of the unauthorized disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure including, without limitation, the identification of the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information disclosed and the Unauthorized Persons to whom the disclosure was made.

(b)     The party responsible for the unauthorized disclosure shall also promptly take all reasonable measures to recover the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such Information is made by doing the following, without limitation, (i) promptly informing the Unauthorized Person that the disclosed information contains confidential Information and of the provisions of this Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as Exhibit A (to be promptly provided to the producing party); and (iii) making best efforts to retrieve all copies of confidential Information disclosed to the Unauthorized Person.  The producing party and party that disclosed the confidential Information shall cooperate in good faith in this effort.

(c)     Any person found to have made an impermissible use of any confidential Information will be subject to, without limitation, appropriate civil penalties, including contempt of court.

(d)     No party shall be responsible to another party for disclosure of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

18.     <u>No Probative Value</u>.  This Stipulation and Protective Order shall not

abrogate or diminish any contractual, statutory or other legal obligation or right of any party to this Order, as to any third party, with respect to any "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information.  The fact that Information is designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Stipulation and Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation of all parties, the fact that Information has been designated confidential under this Stipulation and Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any Information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such Information is confidential or proprietary.

19.     <u>Return of Information</u>.  Within sixty (60) days of final termination of this action, including any and all appeals, each party and counsel for each party shall, at the producing party's election, destroy or return all "Confidential" or "Highly Confidential - Attorneys' Eyes Only" Information to the party that produced the information, including any copies, excerpts, and summaries thereof and has purged all such information from all machine-readable media on which it resides, and shall certify to the other producing party that all such information has been destroyed/returned.  Notwithstanding the foregoing, outside counsel for each party may retain one set of all pleadings, briefs, memoranda, motions, expert

reports, or other documents filed with the Court that refer to or incorporate confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further attorney work product materials that contain confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

20. <u>Effective Date</u>.  Upon the signing of this Stipulation and Protective Order by the United States District Court Judge, or Magistrate Judge, this Stipulation and Protective Order shall be effective as against all party signators to the Stipulation for entry of this Stipulated Protective Order as of the date of such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the date of such party's signature.

21. <u>Amendment</u>.  Either party may move the Court to amend this Stipulated Protective Order at any time.  Moreover, parties entering into this Stipulated Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  January 8, 2025        **HILL, FARRER & BURRILL LLP**

By:   */s/ William A. White*
William A. White
Attorneys for Plaintiff IWATANI CORPORATION OF AMERICA

DATED: January 8, 2025      **STINSON LLP**

By:     */s/ Eric C. Liebeler*
       Eric C. Liebeler
       Brandon R. Nagy (admitted pro hac vice)
       David G. Parry (admitted pro hac vice)
       Jackson Kennedy (admitted pro hac vice)
       Sarah R. Almquist (admitted pro hac vice)
       Stinson LLP

       Damian D. Capozzola (No. 186412)
       Timothy R. Laquer (No. 306917)
       The Law Offices of Damian D. Capozzola

       Counsel for Defendants

#2881923v1     -15-     JOINT STIPULATION FOR PROTECTIVE ORDER

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatures listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: January 8, 2025

By: */s/ William A. White*
William A. White
Attorneys for Plaintiff
IWATANI CORPORATION OF AMERICA

**IT IS SO ORDERED.**

Dated: January 10, 2025

 *[signature: Karen E. Scott]*
Hon. Karen E. Scott
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on_____ [date] in the case of *Iwatani Corporation of America v. Nel ASA*, *et al.*, Case No. 8:24-cv-00192 JVS (KESx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

#2881923v1

-1-

**JOINT STIPULATION FOR PROTECTIVE ORDER**